UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jesus Vidal-Martinez, <br> A215 722 040 <br><br> Petitioner, <br><br> v. <br><br> Bill Prim, McHenry County Sheriff; Daniel Sitkie, McHenry County Jail Chief of Corrections; Robert Guadian, ICE Field Office Director Chicago; Chad Wolf, Secretary Department of Homeland Security; and William Barr, Attorney General, <br><br> Respondents. | No. 20 C 5099 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

On June 13, 2020, the Department of Homeland Security ("DHS") detained Petitioner Jesus Vidal-Martinez after Indiana authorities arrested him for operating a vehicle while intoxicated ("OWI"). Immigration and Customs Enforcement ("ICE") began deportation proceedings following his arrest. After an immigration judge declined to grant bond, Vidal-Martinez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and request for release from detention against Respondents Bill Prim, McHenry County Sheriff; Daniel Sitkie, McHenry County Jail Chief of Corrections; Robert Guadian, ICE Field Office Director Chicago; Chad Wolf, Secretary of the Department of Homeland Security; and William Barr, Attorney General ("the government").[1] After Vidal-Martinez filed the petition, ICE transferred him to a facility in Indiana, and Indiana authorities then issued a writ of habeas corpus ad prosequendum.

---

[1] The government's motion to dismiss indicates that it is brought on behalf of "Federal Respondents," *see* Doc. 13 at 1, but the docket entry suggests that it was entered on behalf of all Respondents. *See* Doc. 13. It is not completely clear whether the McHenry County Respondents are joining in the motion or if they have been served.

The government now moves to dismiss Vidal-Martinez' petition, arguing that this Court lacks subject matter jurisdiction over the petition and that this Court no longer has jurisdiction because Vidal-Martinez is in the custody of Indiana state authorities. The Court concludes that it has subject matter jurisdiction over Vidal-Martinez' challenge to the conditions of his detention. Additionally, although Vidal-Martinez is no longer in ICE custody in this district, the Court has jurisdiction because Vidal-Martinez was detained in this district when he filed his petition and the State only has temporary custody over him for the duration of his criminal matter. Accordingly, the Court denies the government's motion to dismiss and orders the government to address the merits of Vidal-Martinez' petition.[2]

## BACKGROUND

Vidal-Martinez entered the United States in 2001. Although he has lived and worked for approximately eighteen years in the United States, he never became a lawful permanent resident, although his wife and four young children are United States citizens. Between 2019 and 2020, Indiana authorities arrested Vidal-Martinez on three occasions for OWI. Vidal-Martinez is currently the defendant in three actions stemming from those arrests, and the Indiana state courts granted bond in each case. On June 13, 2020, the date of the most recent OWI arrest, DHS detained Vidal-Martinez without bond, pursuant to 8 U.S.C. § 1226(a), and ICE began deportation proceedings. On July 16, 2020, the immigration judge ("IJ") determined that Vidal-Martinez was a danger to the public and declined to grant bond. On August 5, 2020, at a re-determination hearing, the IJ again declined to grant bond, rejecting Vidal-Martinez' argument that there were changed circumstances because he was unconscious in a stationary vehicle during

---

[2] The government filed approximately three pages responding to Vidal-Martinez' petition. The government raised brief arguments regarding jurisdiction, cited minimal case law, and "request[ed] leave to file a more fulsome response to the instant petition" if the Court denied their motion. Doc. 13 at 3–4. The government's failure to address the merits in its initial brief prevented the Court from evaluating the merits in this Opinion. The Court expects the government to cure this failure in a subsequent brief.

one of his OWI arrests. Vidal-Martinez appealed that decision to the Board of Immigration Appeals, and the appeal was pending at the time he filed a petition in this Court.[3] Vidal-Martinez' final merits hearing before the immigration court was scheduled for October 5, 2020; neither party has provided the Court with an update following the hearing.

On August 28, 2020, Vidal-Martinez filed a petition for a writ of habeas corpus and request for release from detention. Following the ICE detention, the courts in two of his state criminal cases issued warrants for his arrest. In his petition, Vidal-Martinez claims that his detention without bond violates due process because he is being detained during the COVID-19 pandemic without any convictions and he is unable to defend himself in his pending Indiana matters. Accordingly, Vidal-Martinez asks this Court to hold a bond hearing and set bond in an amount it deems reasonable. Vidal-Martinez also claims that his detention is arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). On August 31, 2020, Vidal-Martinez filed a motion for an order to show cause as to why the Court should not grant his petition. In it, Vidal-Martinez requested a hearing and that the Court require his attendance. Vidal-Martinez subsequently filed two more motions seeking the same relief on September 3, 2020 and September 9, 2020.

When Vidal-Martinez filed his petition, he was in ICE detention at the McHenry County Detention Center in Illinois. On September 22, 2020, authorities transferred Vidal-Martinez to Clay County Jail in Indiana. The next day, the Decatur County, Indiana, Superior Court issued a writ of habeas corpus ad prosequendum, requiring authorities to transfer Vidal-Martinez to the Decatur County Detention Center. The order provided that Vidal-Martinez would remain at the

---

[3] Although the BIA has not made a determination, there is an exception to the exhaustion requirement here because "the BIA has no jurisdiction to adjudicate constitutional issues." *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1017 (7th Cir. 2004).

Decatur County Detention Center until the completion of his criminal matter. Vidal-Martinez was transferred to Decatur County custody the following day.

## ANALYSIS

In his petition, Vidal-Martinez contends that his detention in ICE custody without bond is an unconstitutional deprivation of procedural and substantive due process. Vidal-Martinez argues that he is entitled to a bond hearing in this Court. Vidal-Martinez also claims that his detention during the ongoing COVID-19 pandemic is arbitrary and capricious because it results in his continuous exposure to lethal risk when Indiana has not convicted him of any crimes. The government filed a motion to dismiss that argues the following: (1) Congress has stripped the Court of jurisdiction to review the IJ's bond determination, thus, the Court cannot exercise jurisdiction over Vidal-Martinez' petition; and (2) Vidal-Martinez is no longer detained in the Northern District of Illinois, so there is no jurisdiction.

**I.      Subject Matter Jurisdiction**

The Court must first address whether it has subject matter jurisdiction over Vidal-Martinez' petition. The government argues that the Court lacks subject matter jurisdiction because Congress has barred judicial review of IJs' bond determinations through 8 U.S.C. § 1226(e).

Section 1226(e) provides:

> [t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). The Supreme Court has explained that § 1226(e) forecloses a petitioner from "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Demore v. Kim*, 538 U.S. 510,

4

516 (2003). However, § 1226(e) does not prevent "challenges [to] the statutory framework that permits [the alien's] detention without bail." *Jennings v. Rodriguez*, --- U.S. ----, 138 S. Ct. 830, 841 (2018) (alterations in original) (quoting *Kim*, 538 U.S. at 517); *see also Kim*, 538 U.S. at 517 ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *see also Al-Siddiqi v. Achim*, 531 F.3d 490, 494 (7th Cir. 2008) (§ 1226(e) permits habeas review); *O'Connell*, 355 F.3d at 1014–15 (§ 1226(e) does not bar jurisdiction over a petitioner's constitutional challenge to mandatory detention under § 1226(c)).

Here, to evaluate subject matter jurisdiction, the Court must carefully assess the claims that Vidal-Martinez raises in his petition. Vidal-Martinez broadly states that he "challenges the constitutionality of Respondent's statutory detention authority." Doc. 1 at 3. The Court has jurisdiction over such a challenge. *See Al-Siddiqi*, 531 F.3d at 494 (court has jurisdiction over petitioner's claim that "DHS's refusal to honor the IJ's bond order is without legal justification and violates his right to due process"); *Papazoglou v. Napolitano*, No. 1:12-CV-00892, 2012 WL 1570778, at *2 (N.D. Ill. May 3, 2012) (§ 1226(e) precludes judicial review of discretionary bond decisions, but court could exercise jurisdiction over whether § 1226(c) was constitutionally applied). However, the crux of Vidal-Martinez' due process claim challenges the IJ's decision not to grant bond, asks this Court to review that determination, and requests that this Court find him eligible to be released on bond. The Court lacks jurisdiction over such claims because they ask the Court to review and overrule the IJ's bond decision, which is discretionary. *See Mei v. Ashcroft*, No. 02 C 1881, 2002 WL 31641625, at *6 (N.D. Ill. Nov. 21, 2002) ("[T]he Court has no jurisdiction to review the propriety of the Immigration Judge's discretionary decision to deny [the petitioner's] request to be released on bond."); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058

5

(9th Cir. 2008) ("[D]iscretionary decisions granting or denying bond are not subject to judicial review."); *see also Fraihat v. Barr*, 790 F. App'x 120, 121 (9th Cir. 2020) (no jurisdiction to review IJ's denial of bond based on determination that petitioner was a danger to the community). Vidal-Martinez contends that § 1226(e) "does not strip district courts of authority to review bond decisions," but the statute does exactly that. Doc. 1 ¶ 13; *see Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019) (court lacks jurisdiction to review IJs' determinations at bond hearings that petitioners pose a danger to the community); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond.").

Vidal-Martinez does not challenge the process he received during the IJ's bond determination,[4] but instead asks the Court to displace the IJ's determination and declare that he is eligible to be released on bond. Indeed, Vidal-Martinez "asks this Court to conduct a bond hearing and set bond in an amount it considers reasonable" and even goes so far to claim that he "is constitutionally entitled to a bond hearing in the district court." Doc. 1 ¶ 26. Although the Court has jurisdiction to evaluate whether Vidal-Martinez was accorded process during the IJ's decision-making, the Court lacks jurisdiction to review the bond determination itself. *See Arevalo-Guasco v. Dubois*, 788 F. App'x 25, 27 (2d Cir. 2019) (the court lacks jurisdiction over the IJ's factual findings as to whether the petitioner was a danger to the community because it

---

[4] Perhaps the closest Vidal-Martinez comes to challenging the process he received in the IJ's bond determination is in his argument that there is a "substantial risk of an unjustified and unconstitutional deprivation of liberty" because the Federal Rules of Evidence do not apply in immigration court. Doc. 1 ¶ 35; *see also Karroumeh v. Lynch*, 820 F.3d 890, 898 (7th Cir. 2016) ("Evidence in removal proceedings need not strictly conform to the Federal Rules of Evidence, but the admission of evidence must be probative and fundamentally fair." (citation omitted)). However, Vidal-Martinez does not specify how this evidentiary standard violated his due process rights here.

6

did not involve a challenge to the "statutory framework," but rather a challenge to an IJ's decision regarding detention); *Quinteros v. Warden Pike Cty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those of [the petitioner's] challenges that pertain to the adequacy of process he received at his bond hearing."); *Slim v. Nielson*, No. 18-CV-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018) (no jurisdiction because "[d]espite [the petitioner's] attempt to frame this argument as a due process violation, it amounts to a challenge to the IJ's discretionary weighing of the evidence.").

Vidal-Martinez' claims relating to his ongoing detention during the COVID-19 pandemic raise a different question. Those claims do not relate to the IJ's decision to deny bond but instead involve a challenge to the conditions of his confinement. *Cf. Jennings*, 138 S. Ct. at 840 (§ 1252(b)(9) does not strip courts of jurisdiction over detained immigrant's conditions of confinement claim). Other courts have recently concluded that § 1226(e) does not bar jurisdiction over such claims. *See Perez v. Wolf*, 445 F. Supp. 3d 275, 293 (N.D. Cal. 2020) (exercising jurisdiction over immigrant-detainee's habeas petition challenging conditions of confinement during COVID-19 pandemic); *Galan-Reyes v. Acoff*, No. 20-CV-345-SMY, 2020 WL 2497133, at *2 (S.D. Ill. May 14, 2020) (§ 1226(e) did not bar jurisdiction over immigrant-detainee's due process claim that his detention violated his due process rights because his detention facility had multiple COVID-19 cases and he had not been convicted of any offense that mandated detention); *Perez-Perez v. Adducci*, 459 F. Supp. 3d 918 (E.D. Mich. 2020) (§ 1226(e) does not strip the court of jurisdiction to hear petitioner's constitutional claims regarding ongoing detention during the COVID-19 pandemic); *Monterosa v. Decker*, No. 1:20-CV-02653-MKV, 2020 WL 1847771, at *4 (S.D.N.Y. Apr. 11, 2020) (same); *Coreas v. Bounds*,

7

No. CV TDC-20-0780, 2020 WL 5593338, at *15 (D. Md. Sept. 18, 2020) ("Petitioners may, through a habeas petition, seek their release on the grounds that their confinement under the present circumstances of the COVID-19 pandemic violates their constitutional rights."). This Court agrees. Vidal-Martinez' claim that his ongoing detention during the COVID-19 pandemic violates his due process rights does not involve a discretionary judgment but instead relates to the conditions of his detention.

In conclusion, the Court lacks jurisdiction over Vidal-Martinez' petition to the extent that it seeks review of the IJ's decision to deny bond, rather than challenges the process provided in that determination.[5] The Court does have jurisdiction, however, over Vidal-Martinez' claim that his continued detention during the COVID-19 pandemic absent any convictions violates his due process rights.

## II. The Court's Exercise of Jurisdiction over Custodian

The government next argues that the Court must dismiss Vidal-Martinez' petition because he is no longer within the Court's jurisdiction. Although this is labeled as "jurisdiction," the Court evaluates the government's argument as one relating to personal jurisdiction or venue. *See Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring) ("In my view, the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue."); *Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015) (evaluating whether § 2241 petition was filed in the proper court as a matter of venue); *Hernandez v. I.C.E.*, 165 F. Supp. 3d 715, 718 (N.D. Ill. 2016) ("[T]he sole appropriate venue for a habeas petition is the judicial district where a prisoner is detained."). Respondents contend that because ICE

---

[5] Vidal-Martinez also claims that Respondents violated his due process rights by detaining him in Illinois, thereby preventing him from defending himself in his pending Indiana matters. This argument is now moot because Vidal-Martinez is in Indiana state custody until completion of his criminal matter. *See* Doc. 13-1 at 14.

transferred Vidal-Martinez to a detention center in Indiana for completion of his state criminal matter, Vidal-Martinez' custodian and the proper respondent in this action is in Indiana.

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). Whether this Court has jurisdiction over Vidal-Martinez' petition turns on two related factors: (1) the proper respondent to the petition and (2) whether this Court has jurisdiction over that respondent. *Rumsfeld*, 542 U.S. at 434. The government challenges both factors.

A petitioner must direct a writ of habeas corpus "to the person having custody of [him]." 28 U.S.C. § 2243; *see also id.* § 2242 (petition must allege "the name of the person who has custody over him"). Generally, in challenges to present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held," that is, the person with "immediate custody" over the petitioner. *Rumsfeld*, 542 U.S. at 435 (citation omitted). A court retains jurisdiction if a petitioner files a petition naming his immediate custodian and the government subsequently moves him, and the court "may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441; *see also Bunn v. Conley*, 309 F.3d 1002, 1004 (7th Cir. 2002) ("[T]he jurisdiction of the district court and hence our appellate jurisdiction is determined by his place of incarceration at the time the suit was filed."); *Witkowski v. Kallis*, No. 17-CV-1142, 2019 WL 148394, at *3 (C.D. Ill. Jan. 9, 2019) ("[J]urisdiction in a habeas action is determined at the time an action is filed and the Seventh Circuit has previously held that jurisdiction is not lost when a prisoner is transferred." (citing *Ross v. Mebane*, 536 F.2d 1199, 1201 (7th Cir. 1976))); *Torres v. Holder*,

No. 13-7044 SDW, 2014 WL 2155373, at *2 (D.N.J. May 22, 2014) ("Jurisdiction is determined as of the time the petition is filed."). In other words, Vidal-Martinez' transfer does not prevent the Court from exercising jurisdiction over his petition. *See Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004) ("A prisoner transferred while litigation is pending need not re-file in the new district." (citing *Ex parte Endo*, 323 U.S. 283 (1944))); *see also al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004) (court would have retained jurisdiction over petition for writ of habeas corpus even if petitioner was transferred); *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Here, when Vidal-Martinez filed his petition, he was physically confined at McHenry County Detention Center, where Sitkie is the warden. Sitkie resides in the Northern District and is therefore within the Court's jurisdiction. *See Kholyavskiy v. Achim*, 443 F.3d 946, 949 n.1 (7th Cir. 2006) ("[I]n most cases, [ ] the named custodian must reside within the geographical confines of the federal district where the complaint was filed."); *Rumsfeld*, 542 U.S. at 442 (§ 2241(a) only requires that "the court issuing the writ have jurisdiction over the custodian" (citation omitted)). Accordingly, Vidal-Martinez properly named Sitkie as a Respondent. *See Duvais v. Holder*, No. CIV.A. 11-3495 DMC, 2011 WL 3875367, at *2 (D.N.J. Sept. 1, 2011) (although petitioner was subsequently transferred, at the time that petitioner filed habeas petition, the warden of the facility was an indispensable party respondent); *Pinson v. Berkebile*, 604 F. App'x 649, 653 (10th Cir. 2015) (the district court acquired jurisdiction when the petitioner filed the habeas petition and "transfer does not defeat that initial jurisdiction" even though immediate physical custodian is outside the court's jurisdiction).

The government argues, however, that Vidal-Martinez is no longer in federal custody and therefore Sitkie is not the proper custodian. This argument fails. The Decatur County Detention Center in Indiana took custody of Vidal-Martinez through a writ of habeas corpus ad prosequendum. As the Seventh Circuit has explained, such custody is only temporary, and the sending sovereign maintains primary custody. *See Pope v. Perdue*, 889 F.3d 410, 412–13 (7th Cir. 2018) ("Using this writ, a sovereign may take temporary custody of a prisoner in the custody of another sovereign, for the purpose of prosecution, without acquiring primary custody."); *United States v. Lemus-Rodriguez*, 495 F. App'x 723, 725 (7th Cir. 2012) ("Where, as here, 'the writ expressly requires the return of the prisoner to the "sending" state, the sending state retains full jurisdiction over the prisoner since the prisoner is only "on loan" to the prosecuting jurisdiction.'" (quoting *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989))); *Smyth v. Cooksey*, 108 F.3d 1380 (Table), 1997 WL 117279, at *1 (7th Cir. 1997) ("This court has previously rejected the argument that the federal government relinquishes jurisdiction over a prisoner when, having custody of the prisoner, it releases him to one of the states to serve a sentence and then retakes custody so that he may serve the remainder of his federal sentence."). Indeed, here, the writ states that "Vidal Martinez shall remain in the custody of the Decatur County Detention Center, Greensburg, [Indiana] until the completion of this criminal matter, then released to his ICE detainer at that time." Doc. 13-1 at 14. This demonstrates that Vidal-Martinez is only in Indiana for purposes of prosecution and is still in ICE custody, confirming that Vidal-Martinez named the appropriate custodian.[6] *See Jake v. Herschberger*, 173 F.3d 1059, 1062 (7th Cir.

---

[6] Vidal-Martinez was in ICE custody for one day at Clay County Jail in Indiana before Indiana authorities issued a writ of habeas corpus ad prosequendum. This fact does not affect the Court's conclusion. Even if Sitkie is no longer Vidal-Martinez' immediate custodian, Vidal-Martinez is still in ICE custody. If the Court found otherwise and concluded that an ICE facility transfer destroyed jurisdiction, it would lead to the perverse result that ICE could avoid jurisdiction by transferring detainees to different facilities. *See Witkowski*, 2019 WL 148394, at *3 ("[G]iven the frequent transfer of prisoners in federal custody, any

11

1999) ("Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign."); *cf. United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) ("[T]he writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works a 'mere[ ] loan[ ] [of] the prisoner to federal authorities' and does not effectuate a change in custodian for purposes of the federal statute criminalizing escape from federal custody, 18 U.S.C. § 751(a)." (quoting *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998))); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."); *Abraham v. Decker*, No. 18-CV-3481 (CBA), 2018 WL 3387695, at *3 (E.D.N.Y. July 12, 2018) (immediate custodian was director of correctional facility in New Jersey where petitioner had been since detained where petitioner filed petition while appearing pursuant to a writ of habeas corpus ad prosequendum in New York); *Pelley v. Matthews*, 163 F.2d 700, 700 (D.C. Cir. 1947) ("[T]he District Court has no jurisdiction to entertain a petition for a writ of habeas corpus attacking the petitioner's original conviction when the petitioner is held in this jurisdiction solely by reason of

---

other rule would have the potential for forum games and unreasonable delays in a petitioner's case."); *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (rejecting argument that court lacked jurisdiction after petitioner's transfer and placement on supervised release because "a habeas petitioner remains in the custody of the United States while on supervised release"); *cf. Rumsfeld*, 542 U.S. at 454 (Kennedy, J., concurring) (noting there should be an exception to the immediate custodian rule "if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention").

a writ of habeas corpus ad prosequendum."). Therefore, Vidal-Martinez named the proper Respondent when he filed his petition and his subsequent transfer does not destroy jurisdiction.[7]

Therefore, the Court denies the government's motion to dismiss on this ground and orders the government to show cause as to why the Court should not grant Vidal-Martinez' petition. *See Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 672 (7th Cir. 2003) (explaining the procedure that must be followed when a petitioner brings an action pursuant to § 2241 and indicating that after a petitioner files an application for the writ, "[t]he court must then issue the writ or issue an order to show cause why the writ should not be granted" (quoting 28 U.S.C. § 2243 ¶ 1)).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the government's motion to dismiss [13]. The Court grants Vidal-Martinez' motion for an order to show cause [8] and orders the government to respond to the merits of Vidal-Martinez' petition by November 10, 2020. Vidal-Martinez shall file a reply brief by November 24, 2020. In the briefing, the parties should include the status of the state criminal matter and removal proceedings. The Court denies the identical, previously-filed motions as moot [3, 5]. Finally, the Court strikes the current status conference on November 4, 2020, and re-sets the status conference to December 14, 2020.

Dated: November 3, 2020

                                                SARA L. ELLIS
                                                United States District Judge

---

[7] The government only raises a general argument as to the proper custodian but does not argue that the Court should dismiss individual Respondents. Therefore the Court will not address whether dismissal of any Respondent is proper.